IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| GLYNNDEAVIN VON FOX,[1] <br><br> Plaintiff, <br><br> vs. <br><br> JUDGE J. C. NICHOLSON, <br><br> Defendant. | 8:23CV544 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on the Complaint, Filing No. 1, Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and Motion for Summons, Filing No. 3, filed by Plaintiff Glynndeavin Von Fox on December 11, 2023. Upon review of Plaintiff's IFP Motion, the Court finds that Plaintiff is financially eligible to proceed in forma pauperis. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

### I. SUMMARY OF COMPLAINT

Plaintiff, a citizen of South Carolina, sues Judge J.C. Nicholson, another citizen of South Carolina, alleging in 2013 Judge Nicholson, in two cases, "did not provide a U.S. Supreme Court overwatch or a foriegn [sic] country document from Japan to be entered into court record against the Plaintiff." Filing No. 1 at 5. Plaintiff seeks $4.2 million in damages as relief "for the document being entered illegally without U.S. Supreme Court allowance." *Id.*

---

[1] The Court has updated the caption to reflect the correct spelling of Plaintiff's first name, *see, e.g., Fox v. Coll. of Charleston*, No. CV 2:17-483-RMG, 2017 WL 2937595 (D.S.C. July 10, 2017), and will direct the Clerk of Court to update the Court's records to do likewise.

## II.  APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e).  The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III.  DISCUSSION

Pursuant to 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A district

court has the discretion to either dismiss a plaintiff's claims or transfer the case, *sua sponte*. See *De La Cruz v. United States*, No. 4:14CV3160, 2014 WL 4705145, at *2 (D. Neb. Sept. 22, 2014); *Camacho-Corona v. Douglas Cty. Dep't of Corr.*, No. 8:12CV132, 2012 WL 3112020, at *4 (D. Neb. July 31, 2012).

Venue is generally governed by 28 U.S.C. § 1391, which "govern[s] the venue of all civil actions brought in district courts of the United States" and provides, in pertinent part, that:

> (b) Venue in general.—A civil action may be brought in—
>
> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Here, Plaintiff alleges that this Court has federal question jurisdiction over his Complaint, but he does not allege facts establishing that the District of Nebraska is the proper venue. Both Plaintiff and Defendant Judge Nicholson are alleged to be citizens of South Carolina with current South Carolina mailing addresses, and the events giving rise to Plaintiff's claims appear to have occurred in South Carolina.

It is clear from the Complaint's allegations that no party resides in the District of Nebraska and a substantial part of the events giving rise to the causes of action did not

3

occur in this district. Therefore, venue is not proper in this district and the Court will dismiss this case without prejudice. See 28 U.S.C. § 1406(a).

The Court takes judicial notice that Plaintiff has a history of filing "incoherent" pro se pleadings in the United States District Court for the District of South Carolina. See Fox v. Coll. of Charleston, No. CV 2:17-483-RMG, 2017 WL 2937595, at *2 (D.S.C. July 10, 2017) (noting that "[i]n 2016, Plaintiff filed at least 21 cases with this Court, all of which were summarily dismissed" and dismissing Plaintiff's "nonsensical" complaint without prejudice for failure to state a claim); see also Fox v. South Carolina, 668 F. App'x 442 (4th Cir. 2016) (summarily affirming district court's dismissal in 19 of Plaintiff's cases). Plaintiff is advised that the Court will take appropriate steps should it appear he is abusing the privilege of proceeding in forma pauperis in this Court.

## IV. CONCLUSION

Plaintiff is granted leave to proceed in forma pauperis. However, upon review of Plaintiff's Complaint under 28 U.S.C. § 1915(e), the Court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1406 because venue is not proper in this district. Consequently, Plaintiff's Motion for Summons, Filing No. 3, is denied as moot.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, is granted, and the Complaint shall be filed without payment of fees.

2. Plaintiff's Complaint, Filing No. 1, is dismissed without prejudice.

3. Plaintiff's Motion for Summons, Filing No. 3, is denied as moot.

4. The Court will enter judgment by a separate document.

5.  The Clerk of Court is directed to update the Court's records to reflect the correct spelling of Plaintiff's first name as shown in the caption of this Memorandum and Order.

Dated this 20th day of December, 2023.

BY THE COURT:

*Joseph F. Bataillon*

Joseph F. Bataillon
Senior United States District Judge